# ATTACHMENT 21

Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Jason C. Ming, Esq. (SBN: 219745)
jason@vakili.com
John A. Schlaff, Esq. (SBN: 135748)
john.schlaff@gmail.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822

**213/380-6010** | Fax: 213/380-6051

*Counsel for Defendants and Cross-Complainants Eric Swallow and Profitable Casino, LLC*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| BRYAN J. ROBERTS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ERIC SWALLOW, an individual; PROFITABLE CASINO, LLC, a Nevada Limited Liability Company; SECURE STONE, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants.<br><br>ERIC SWALLOW, an individual; PROFITABLE CASINO, LLC, a Nevada Limited Liability Company,<br><br>Cross-Complainants,<br><br>v.<br><br>BRYAN J. ROBERTS, an Individual, and ROES 1-25, inclusive,<br><br>Cross-Defendants. | **CASE NO.: BC 603 331**<br><br>[*Hon. Richard E. Rico / Dept. 17*]<br><br>**DEFENDANTS ERIC SWALLOW AND PROFITABLE CASINO, LLC'S CROSS-COMPLAINT FOR:**<br><br>(1) FRAUD;<br><br>(2) UNFAIR BUSINESS PRACTICES; and,<br><br>(3) BREACH OF CONTRACT. |

1. Defendants and Cross-Complainants ERIC SWALLOW ("Swallow") and PROFITABLE CASINO, LLC ("Profitable") (collectively "Cross-Complainants") hereby cross complain against plaintiff and cross-defendant BRYAN J. ROBERTS ("Roberts" or "Cross-Defendant") as follows:

2. Some or all of the following paragraphs are alleged on information and belief: 5-10, 12, 16, 19, and 22.

## PARTIES AND JURISDICTION

3. Cross-Complainant Swallow is and, at all relevant times herein, was a resident of the State of California, County of Los Angeles.

4. Cross-Complainant Profitable is, and at all relevant herein has been, a Limited Liability Company, organized and existing under the laws of the State of Nevada and duly authorized to conduct business in California.

5. Cross-Defendant Roberts is and, at all relevant times herein, was a resident of the State of Texas, County of Brazoria.

6. The true names or capacities, whether individual, associate, corporate, or otherwise of those defendants sued herein as ROES 1 to 25, inclusive, are currently unknown to Cross-Complainant, who therefore sues said ROE defendants by such fictitious names pursuant to *Code of Civil Procedure* §474.

7. Cross-Complainant is informed and believes and thereon alleges that at all times material herein each Cross-Defendant was the agent, employee, or co-conspirator of each other Cross-Defendant and in doing the things alleged herein, was acting within the course, scope, purpose, and in furtherance of such agency, employment; or conspiracy and with the permission and consent of, and their actions were ratified by, the other Cross-Defendants.

8. Cross-Defendant and all ROE cross-defendants were the principals, employers, joint venturers, co-conspirators, employees and/or agents of each other and that each and every act, failure to act or omission alleged to have been performed by any cross-defendant was done with the authority, permission or knowledge of each of the other cross-defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any cross-defendant herein was ratified by each of the remaining cross-defendants.

9. This Court has subject matter jurisdiction over the claims raised herein, pursuant to Article VI, Section 10 of the California Constitution, as the claims contain causes of action under California law, which are not given by statute to the jurisdiction of any other court.

10. Each cross-defendant is proper in this judicial district, pursuant to *Code of Civil Procedure* §395 as the subject causes of action arose, in whole or part, in Los Angeles County; the subject occurrences, events, and acts substantially took place, and caused damages in this judicial district; and the Cross-Defendant caused injuries and damages to Cross-Complainants in this judicial district.

## COMMON FACTUAL ALLEGATIONS

11. In or about June of 2007 Cross-Complainant Swallow and Cross-Defendant Roberts began to enter into discussions regarding a business venture that Swallow intended to pursue with respect to providing software support to casinos and card-rooms. In the course of the discussions, Swallow made it clear that his expectation was to sell the software (the "Software") through a company that would be the sole recipient of the profits therefrom (although he was willing to pay Cross-Defendant Roberts a sizeable fee for the development of the Software) absent further written agreement to the contrary among the parties.

12. Roberts agreed and promised to abide by their agreement (the "Promise")—a Promise which Roberts had no intention of keeping, but in which Swallow believed. In fact, Roberts had formulated a plan to garner large fees from Swallow and the companies he was associated with and then purport to own half of the software for which he had already been paid. Roberts implemented this plan and over a period of several years garnered payments of more than a million dollars not asserting any ownership in the profits from the Software until 2012.

13. The parties memorialized their agreement in a written contract attached to Roberts' complaint in this matter (the "Agreement"). Cross-Complainant Profitable was an intended beneficiary of the Agreement.

14. At the time of their negotiations, and at all times thereafter, Swallow could have hired any number of programmers to do the work for which Roberts had been paid for less than $100,000. Swallow would have done so if he had realized that Roberts' Promise was not genuine.

### FIRST CAUSE OF ACTION
### FRAUD
**(Against all Defendants)**

15. Cross-Complainants re-allege and incorporate in this cause of action each and all of the foregoing allegations as though set forth in full herein.

16. Cross-Defendants deliberately defrauded Cross-Complainant Swallow to the detriment of all Cross-Complainants herein.

17. As a result of these acts and each of them, Cross-Complainants have been injured in a fashion the precise amount of which is unknown at this time, but which is in excess of $1,500,000.

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants as hereinafter set forth.

### SECOND CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
**(Against all Defendants)**

18. Cross-Complainants re-allege and incorporate in this cause of action each and all of the foregoing allegations as though set forth in full herein.

19. Cross-Defendants in this matter have engaged in a pattern and practice of selling the Software, or variants of it, under false pretenses, or otherwise improperly exploiting their customer base—a pattern of practices that continues to this day (the "Unfair Practices").

20. As a result of these acts and each of them, Cross-Complainants have been injured in a fashion the precise amount of which is unknown at this time, but which is in excess of $1,500,000.

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
**(Against all Defendants)**

21. Cross-Complainants re-allege and incorporate in this cause of action each and all of the foregoing allegations as though set forth in full herein.

22. Cross-Complainants have performed all of their obligations associated with the Agreement. Cross-Defendants have not performed theirs.

23. As a result of these acts and each of them, Cross-Complainants have been injured in a fashion the precise amount of which is unknown at this time, but which is in excess of $1,500,000.

WHEREAS, Cross-Complainants pray for judgment against Cross-Defendants as follows:

**PRAYER FOR DAMAGES**

**AS TO FIRST CAUSE OF ACTION FOR FRAUD**

    a.    For compensatory damages in the amount no less than $1,500,000 and according to proof at trial;

    b.    For consequential damages in an amount according to proof;

    c.    For reformation;

    d.    For injunctive relief;

    e.    For prejudgment interest on damages;

    f.    For exemplary damages pursuant to *Civil Code* §§3294(a) and 3294(b)(3) according to proof at trial;

**AS TO SECOND CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**

    g.    For injunctive relief preventing Cross-Defendant from selling the Software or engaging in the Unfair Practices (Cal. Bus. & Prof. Code §17203);

    h.    For disgorgement and restoration of all sums of money or property acquired by unfair competition in amount no less that $1,500,000 and according to proof at trial (Cal. Bus. & Prof. Code §17203);

**AS TO THIRD CAUSE OF ACTION BREACH OF CONTRACT**

    i.    For compensatory damages in the amount no less than $1,500,000 and according to proof at trial;

    j.    For reasonable attorney's fees pursuant to the Agreement;

**AS TO ALL CAUSES OF ACTION**

    k.    For costs of suit incurred herein; and

    l.    For any other and further relief as the Court deems just and proper.

DATED: May 11, 2016

VAKILI & LEUS, LLP

By: /s/ Sa'id Vakili
Sa'id Vakili, Esq.
Jason C. Ming, Esq.
*Counsel for Defendants and Cross-Complainants Eric Swallow and Profitable Casino, LLC*

4
CROSS-COMPLAINT

## DEMAND FOR A JURY TRIAL

Defendants and Cross-Complainants hereby demands trial of their claims by jury to the extent authorized by law.

DATED: May 11, 2016

**VAKILI & LEUS, LLP**

By: *[signature]*
Sa'id Vakili, Esq.
Jason C. Ming, Esq.
*Counsel for Defendants and Cross-Complainants Eric Swallow and Profitable Casino, LLC*

**PROOF OF SERVICE**
*Roberts v. Swallow, et al*
*LASC Case No.: BC 603 331*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3701 Wilshire Boulevard, Suite 1135, Los Angeles, California 90010.

On May 11, 2016, I served the foregoing document(s) described **DEFENDANTS ERIC SWALLOW AND PROFITABLE CASINO, LLC'S CROSS-COMPLAINT** on all interested parties in this action at the addresses listed below, as follows:

*SEE ATTACHED SERVICE LIST*

(√)  FOR COLLECTION. By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

( )  OVERNIGHT DELIVERY (DROP-OFF) (CCP §1013(c)). By placing a true copy(ies) thereof enclosed in a sealed envelope(s) or package(s) as designated by [Overnight Express] or [Federal Express], addressed as above, and depositing said envelope(s) or package(s), with delivery fees provided for, in a box regularly maintained by [Overnight Express], [GSO] or [Federal Express] at 3701 Wilshire Boulevard, Los Angeles, California 90010.

( )  VIA ELECTRONIC TRANSMISSION. By transmitting a true copy(ies) thereof to each of the designated counsel on the service list to their respective email addresses as listed herein. (Pursuant to agreement *in lieu* of personal service with the same effect as personal service.)

( )  VIA FACSIMILE TRANSMISSION (CCP §1013(a), (e)). By transmitting a true copy(ies) thereof from 213/380-6051 to each of the designated counsel on the service list to their respective facsimile numbers as listed herein.

( )  PERSONAL DELIVERY. I caused to be served by messenger for personal delivery that same day the foregoing documents in a sealed envelope to the above persons at the address(es) listed above.

I declare under penalty under the laws of the State of California that the above is true and correct. Executed on May 11, 2016, at Los Angeles, California.

Malou de la Paz
(Printed Name)                                    (Signature)

---

1
CROSS-COMPLAINT

## SERVICE LIST
*Roberts v. Swallow, et al*
*LASC Case No.: BC 603 331*

Jon A. Atabek, Esq. (*jatabek@atabeklaw.com*)
**ATABEK & ASSOCIATES, P.C.**
300 Spectrum Center Dr., Suite 400
Irvine, California 92618-4989

**213/394-5943** | Fax: 213/402-3413

*Counsel for Plaintiff Bryan J. Roberts*

Michael J. Kump, Esq. (*MKump@kwikalaw.com*)
Gregory S. Gabriel, Esq. (*GGabriel@kwikalaw.com*)
**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 Wilshire Blvd., Third Floor
Santa Monica, CA 90401-1894

**310/566-9800** | Fax: 310/566-9865

*Counsel for Defendant Secure Stone, LLC*