Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
John A. Schlaff, Esq. (SBN: 135748)
*john.schlaff@gmail.com*
Jason C. Ming, Esq. (SBN: 219745)
*jason@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822

**213/380-6010 |** Fax: 213/380-6051

*Counsel for Defendants and Cross-Complainants*
*Eric Swallow and Profitable Casino, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN J. ROBERTS, an Individual,**<br><br>Plaintiff,<br><br>v.<br><br>**ERIC SWALLOW, an individual; PROFITABLE CASINO, LLC, a Nevada Limited Liability Company; SECURE STONE, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,**<br><br>Defendants,<br><br>And Related Cross-Complaint. | **CASE NO.: 16-CV-03895 SJO(AFMx)**<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO REMAND; SUPPLEMENTAL DECLARATION OF SA'ID VAKILI IN SUPPORT**<br><br>HEARING DATE: Aug. 1, 2016<br>TIME: 10:00 a.m.<br>COURTROOM: 1<br>JUDGE: Hon. S. James Otero |

# **TABLE OF CONTENTS**

I.     INTRODUCTION _____ 1

II.    DISCUSSION_____ 2

    A.   *Plaintiff's L.R. 7-3 Argument Cannot Create Jurisdiction Where None Existed In The First Place*_____ 2

    B.   *Even If The Instant Proceedings Did Not Turn On Jurisdictional Issues (And They Do), The L.R. 7-3 Argument Would Still Be Without Merit* _____ 5

        1.   *Defendants Met And Conferred Extensively With Plaintiff*_____ 5

        2.   *Plaintiff's Own Cited Authorities Demonstrate That Even If Defendants Somehow Failed To Fully Comply With L.R. 7-3, The Pending Motion Should Still Be Considered And Granted* _____ 6

            a.   Plaintiff Was Not Prejudiced   _____ 7

            b.   Further Meet And Confer Efforts Would Not Have Avoided The Filing Of The Pending Motion.   _____ 8

            c.   Plaintiff Has Not Identified Any Flagrant Or Repeated Violation Of L.R. 7-3 On The Part Of The Defendants _____ 9

            d.   The Pending Motion Promotes Judicial Efficiency_____ 9

    C.   *Plaintiff's Substantive Arguments Are Equally Without Merit* _____ 10

        1.   *Defendants Have Not Asserted Any Federal Claims In Their Cross-Complaint* _____ 10

        2.   *The Aia Is Not Implicated, Nor Is Federal Jurisdiction Invoked, By Plaintiff's Purported Defenses To The Cross-Complaint* _____ 12

III.   CONCLUSION _____ 13

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

# TABLE OF AUTHORITIES

## CASES

*American Fire & Cas. Co. v. Finn*
  341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951) _____ 3

*Brodie v. Board of Trustees of California State University*
  No. CV 12-07690 DDP (AGRx), 2013 WL 4536242, *1 (C.D.Cal. Aug. 27, 2013);
  2013 U.S. Dist. LEXIS 122059 _____ 7

*Busch v. Jakov Dulcich & Sons, LLC*
  2015 U.S. Dist. LEXIS 79325 (N.D. Cal. June 17, 2015)_____ 12, 13

*CarMax Auto Superstores California LLC v. Hernandez*
  94 F. Supp. 3d 1078 (C.D. Cal. 2015)_____ 6, 7

*Concept Chaser Co., Inc. v. Pentel of Am. Ltd.*
  CV 11-8262, 2011 WL 4964963, at *2-3 (C.D. Cal. Oct. 18, 2011); 2011 U.S. Dist.
  LEXIS 120908_____ 12, 13

*Cortner v. Israel*
  732 F.2d 267, 272 (2d Cir.1984) _____ 11

*Daimler Chrysler Corp. v. Cuno*
  547 U.S. 332; 126 S.Ct. 1854; 164 L.Ed.2d 589 (2006) _____ 3

*Dyer v. Greif Bros., Inc.*
  766 F.2d 398, 401 (9th Cir.1985) _____ 4

*ECASH Techs., Inc. v. Guagliardo*
  35 Fed.Appx. 498, 500 (9th Cir. May 13, 2002) _____ 7

*Effects Associates, Inc. v. Cohen*
  817 F.2d 72, 74 (9th Cir. 1987) _____ 11

*Emrich v. Touche Ross*
  846 F.2d 1190, 1194-1195 (9th Cir. 1988)_____ 4

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

*Gaus v. Miles, Inc.*
   980 F.2d 564, 566-67 (9th Cir. 1992) _____ 3

*Gordon v. Vincent Youmans, Inc.*
   358 F.2d 261, 262-63 (2d Cir.1965) _____ 11

*Hayes v. Carlin Am. Inc.*
   168 F. Supp. 2d 154, 161-62 (S.D.N.Y. 2001) _____ 11

*Jackson v. Seaboard Coast Line R.R.*
   678 F.2d 992, 1000-01 (11th Cir.1982)_____ 3

*Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*
   346 F.3d 1190, 1192 (9th Cir. 2003) _____ 4

*Kokkonen v. Guardian Life Ins. Co. of America*
   511 U.S. 375; 114 S.Ct. 1673; 128 L.Ed.2d 391 (1994) _____ 3

*Rano v. Sipa Press, Inc.*
   987 F.2d 580, 584 (9th Cir. 1993) _____ 12

*RBM Techs., Inc. v. Lash*
   2004 U.S. Dist. LEXIS 15963 _____ 10

*SFahmy v. Jay-Z*
   2015 U.S. Dist. LEXIS 143888, 116 U.S.P.Q.2D (BNA) 1830, Copy. L. Rep. (CCH)
   P30,835, 2015 WL 6394455 (C.D. Cal. Oct. 21, 2015) _____ 11

*Washington v. United Parcel Serv., Inc.*
   2009 WL 1519894, *1 (C.D. Cal. 2009) _____ 4

*Yount v. Acuff Rose-Opryland*
   103 F.3d 830, 834-35 (9th Cir. 1996) _____ 11

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

OTHER AUTHORITIES

Local Rule 7-3 _____ *passim*

28 U.S.C. § 1447(c) _____ 4, 6, 8

PUB. L. NO. 112-29, 125 STAT. 284 (2011) _____ 2

Fed.R.Civ.P. 12(h)(3) _____ 4

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

# I.     INTRODUCTION

In his opposition (the "Opposition") to Defendants' pending motion to remand to state court (the "Pending Motion"), Plaintiff argues that the Pending Motion should be denied (1) because Defendants supposedly failed to adequately comply with the meet and confer requirements set forth in Central District Local Rule 7-3 ("L.R. 7-3") prior to filing their pending motion (the "Plantiff's L.R. 7-3 Argument") and (2) because events post-dating the filing of Plaintiff's complaint somehow already has, or eventually will, retroactively give rise to federal jurisdiction in this case. Plaintiff is in error on both counts for at least the following reasons:

First, stripped of its surplusage, Plaintiff's L.R. 7-3 Argument amounts to an effort to convince this Court to find that federal jurisdiction can arise, and in this case has arisen, from supposed (but in fact non-existent) procedural errors on the part of the Defendants. A legion of federal authorities, however, hold directly to the contrary.

As discussed in Section II.A below, federal jurisdiction cannot be created by estoppel, waiver or default. It either exists or it does not exist, in and of itself, and no purported procedural failure on the part of the person or persons opposing state jurisdiction can create federal jurisdiction if it does not exist in the first instance. Indeed, not only would it be improper for this Court to deny a jurisdictional challenge on the basis of supposed procedural failures on the part of the Defendants, but also on this record, even in the absence of the Pending Motion, the authorities in this area hold that this Court is under an affirmative duty to remand Plaintiff's case *sua sponte*.

Second, the "factual" premise that underlies Plaintiff's L.R. 7-3 Argument is both false and legally insufficient to warrant denial of the Pending Motion.

As discussed in Section II.B below, Defendants met and conferred extensively with the Plaintiff about every issue germane to the jurisdictional issues now before the Court. Furthermore, even if this were not the case (and it is), Plaintiff's own cited authority demonstrates that it is inappropriate to automatically dismiss a motion for a

---

MOVING PARTIES' REPLY BRIEF ON MOTION TO REMAND

failure to comply with L.R. 7-3 without weighing multiple factors, *all* of which strongly militate against dismissal of the Pending Motion.

Third, the Plaintiff's substantive arguments in opposition to the Pending Motion are every bit as meritless as his purely procedural ones. Indeed, they amount to transparent red herrings that are misleading.

As discussed in Section II.C, while the Plaintiff contends that this case "really" arises under the Copyright Act (despite the fact that only state law claims are asserted in the Complaint and Cross-Complaint) and that the Leahy-Smith America Invents Act[1] ("AIA") somehow gives rise to federal jurisdiction in this case because of the defenses Plaintiff ultimately plans to assert to the Cross-Complaint, Plaintiff has previously conceded this case does not arise under the Copyright Act. Furthermore, the AIA has no application here, notwithstanding Plaintiff's disingenuous assertions to the contrary.

In short, Plaintiff's Notice and Amended Notice of Removal was and is improper, as is his meritless opposition to the instant motion. Accordingly, the Pending Motion should be granted in its entirety.

## II.   DISCUSSION

### A.   *Plaintiff's L.R. 7-3 Argument Cannot Create Jurisdiction Where None Existed in the First Place*

Plaintiff contends (after judicially admitting the very opposite in state court) that this case involves a federal question giving this Court subject matter jurisdiction over the instant case. (*See*, Opposition, *passim* and Declaration of Jon Atabek (the "Atabek Decl."), ¶ 2, lines 15-21, Doc No. 17-1 / ID #747.) Defendants contend the opposite. (*See*, Pending Motion, *passim*.) Thus, the instant proceedings turn on the question of whether this Court has subject matter jurisdiction over the dispute herein.

By way of his L.R. 7-3 Argument (which leads Plaintiff's Opposition and to which he devotes nearly half of his brief), Plaintiff suggests that this Court can sidestep

---

[1] Pub. L. No. 112-29, 125 Stat. 284 (2011).

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

the fundamental question of whether it has subject matter jurisdiction because of purported procedural errors on the part of Defendants). In so doing, Plaintiff ignores the presumptions that this Court must apply in addressing such a jurisdictional question, seeks to put on Defendants' shoulders a burden of proof which belongs solely to the Plaintiff and invites this Court to act in a fashion expressly prohibited by a legion of cases and by applicable statutory law.

As noted in Defendants' moving papers, federal courts are courts of limited jurisdiction possessing only that power authorized by the Constitution and statute and are presumed to lack jurisdiction unless the contrary appears affirmatively in the record. *See*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994) and *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Any doubt regarding the existence of subject matter jurisdiction, must be resolved in favor of remanding the action to state court. "The strong presumption against removal jurisdiction means that the [removing party] always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis added and internal quotation marks omitted); *see also*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing [party]").

Subject matter jurisdiction cannot be created by error or waiver on the part of the party opposing jurisdiction. "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir.1982) quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). "It is elementary that the subject matter jurisdiction of

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross*, 846 F.2d 1190, 1194-1195 (9th Cir. 1988) citing, among others, *Dyer v. Greif Bros., Inc.*, 766 F.2d 398, 401 (9th Cir.1985); Fed.R.Civ.P. 12(h)(3), *see also*, *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

Indeed, not only may a challenge to subject matter jurisdiction be made at any time, even in the absence of a motion to remand, the federal courts are under an affirmative duty to immediately remand any case as to which subject matter jurisdiction is lacking as soon (or as late) as that fact becomes apparent. Chapter 28 of the United States Code explicitly provides in mandatory language that "[i]f at ***any*** time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall*** be remanded." 28 U.S.C. § 1447(c); emphasis added. *See also, Emrich, supra, 846 F.2d 1190, 1194-95. Accord*, *Kelton Arms, supra*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[w]e have held that the district court ***must*** remand if it lacks jurisdiction."), *Washington v. United Parcel Serv., Inc.*, 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or *sua sponte*).

Given the foregoing principles, Plaintiff's lead argument is irrelevant at best, if not disingenuous and misleading.

4

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

**B.    *Even if the Instant Proceedings Did Not Turn on Jurisdictional Issues (And They Do), Plaintiff's L.R. 7-3 Argument Would Still be Without Merit***

**1.    *Defendants Met and Conferred Extensively With Plaintiff***

While Plaintiff suggests that the Defendants have not adequately met and conferred with the Plaintiff, a review of the attached supplemental declaration of defense counsel Sa'id Vakili (the "Vakili Decl."), reveals, in fact, that the defense counsel met and conferred extensively with the Plaintiff's counsel both in writing and telephonically.

Defense counsel orally and in writing supplied extensive authorities to the Plaintiff's counsel as to why federal jurisdiction was lacking in this case. (Vakili Decl., at ¶ 9 and Exh. "F" thereto.) When asked to do so, Defendants' counsel also explained to the Plaintiff's counsel why the AIA was and is a *non-sequitur* to the instant action. (*Id*., at ¶ 9, and Exhibit "F" thereto; *see also*, the legal discussion of same in Section II.C.2, *infra*.) Indeed, when further asked to do so, Plaintiff's counsel even went to the make-work exercise of providing Plaintiff's counsel with post-AIA cases in support of the Pending Motion (despite the fact that it was and is Defendants' position that the AIA was not implicated in the present dispute). (Vakili Decl. at ¶ 9, and Exhibit "F" thereto.)

Indeed, a careful reading of the declaration of Jon A. Atabek ("Atabek Decl.") and the first several pages of the Opposition reveals that the only substantive "failure" to meet and confer of which Plaintiff complains lies in the fact that the post-AIA cases provided by defense counsel were supposedly "inapposite" to this dispute.[2] (*See*,

---

[2] Plaintiff also suggests that Defendants should have personally met with the Defendant's counsel rather than handling this matter on the telephone. However, L.R. 7-3 makes clear that while an in-person meeting is preferred to a telephonic one, a telephonic meeting is also acceptable if an in-person meeting is impracticable. Here, although Defendants believe that a jurisdictional challenge such as the one asserted in

**DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND**

Atabek Decl., ¶ 9.) Defendants, however, disagree with this assertion as well as with Plaintiff's assertion that the AIA is implicated and controlling in the first instance.

Such disagreement does not reflect that the parties failed to meet and confer—only that the parties' meet and confer efforts did not ultimately result in a meeting of the minds. There is nothing in the Local Rule that requires that one party in meeting and conferring accept the other parties' view point as to what authorities are germane and/or apposite. If such a requirement existed, all motions would be prohibited by the Local Rules since the parties would be required to meet and confer endlessly until their view of the matter in dispute was resolved through a meeting of the minds. That is not, and could not be, what was intended and is required by these rules.

The fact of the matter is that Defendants' counsel has bent over backwards through a multitude of exchanges to convince the Plaintiff's counsel of the rectitude of the Pending Motion and Plaintiff's contention to the contrary is belied by the record.

### 2.   *Plaintiff's Own Cited Authorities Demonstrate that Even if Defendants Somehow Failed to Fully Comply with L.R. 7-3, the Pending Motion Should Still be Considered and Granted*

In his Opposition, Plaintiff concedes that even in connection with non-jurisdictional challenges, a failure to comply with the requirements of L.R. 7-3 by a moving party will not warrant the denial of a motion. *See*, *CarMax Auto Superstores*

---

the Pending Motion could be asserted at any time in order to minimize the issues before the Court and not provide Plaintiff with more red herring arguments, Defendants wanted to file their Opposition prior to the shortest possible deadline provided by 28 U.S.C. § 1447(c). As such, as is discussed at the Vakili Decl., at ¶ 12, Defendants' time to meet and confer with Plaintiff was too constrained to allow for an in-person meeting.

In any event, Defendants note that Plaintiff's own meet and confer efforts with respect to his motion for leave to amend his complaint in the fashion which he contends will ultimately give rise to federal jurisdiction in this case have been electronic, telephonic and not in person. (*See*, Atabek Decl., ¶ 5 / Doc. 17-1 / ID #748.)

*California LLC v. Hernandez*, *supra,* 94 F. Supp. 3d 1078, 1086 (C.D. Cal. 2015)[3] (*see*, Opp., at p. 8), and that in weighing whether to reject a motion filed by a non-complying party, the courts are to consider multiple factors which include (1) whether such purported violation is prejudicial; (2) whether such purported violation resulted in the filing of a motion which otherwise would not have needed to have been filed; (3) whether flagrant and/or repeated violations of L.R. 7-3 are in issue; and (4) whether judicial efficiency would be served by the granting of the motion in issue. (*See*, Opp., at p. 8, lines 8-23.)

In the instant case, all four of the foregoing factors militate strongly toward the substantive consideration and granting of the Pending Motion.

### a.   *Plaintiff Was Not Prejudiced*

Plaintiff has not, and cannot, demonstrate that he has been prejudiced in any fashion by Defendants' purported failure to meet and confer with him. While Plaintiff bemoans that it had only 8 days to oppose the motion, that is, in fact, a longer period of time to oppose than the rules in Plaintiff's newfound choice of forum require.[4]

---

[3] As set forth in *CarMax*, *supra:* 94 F. Supp. 3d 1078, 1086 (C.D. Cal. 2015):

Failure to comply with the Local Rules does not automatically require the denial of a party's motion … particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. See *ECASH Techs., Inc. v. Guagliardo*, 35 Fed.Appx. 498, 500 (9th Cir. May 13, 2002) (Unpub.Disp.) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements" (citations omitted)); *Brodie v. Board of Trustees of California State University*, No. CV 12-07690 DDP (AGRx), 2013 WL 4536242, *1 (C.D.Cal. Aug. 27, 2013) (considering the merits of a motion despite counsel's failure to comply with Local Rule 7-3).

[4] Defendants were only required to give Plaintiff 28 days notice of their Pending Motion which would have given Plaintiff only seven days to oppose it. L.R. 6-1. Plaintiff had more than 8 days to oppose. The motion was filed and electronically

7

Furthermore, Plaintiff also failed to move for any additional time to oppose the motion. Indeed, Plaintiff had plenty of time to oppose.

Furthermore, as already discussed at Section II.A above, a complaint filed in excess of federal jurisdiction can and must be dismissed at any time as soon as the facts showing such lack of jurisdiction become apparent. Indeed, under such circumstances, a *sua sponte* dismissal without any motion practice at all would be appropriate. 28 U.S.C. § 1447(c). This unassailable fact puts the lie to any claim of prejudice on the part of the Plaintiff.

### b.   Further Meet and Confer Efforts Would Not Have Avoided the Filing of the Pending Motion

Plaintiff offers no coherent or reasonable basis for this Court to conclude that lengthier meet and confer efforts among the parties would have obviated the need for the Pending Motion to be filed. Indeed the opposite is the case. The first round of meet and confer efforts resulted in Plaintiff filing an Amended Notice of Removal.

The fact of the matter is that Defendants next round of meet and confer efforts informally but thoroughly discussed with Plaintiff the arguments and authorities discussed in the Pending Motion, but even if that were not the case, Defendants certainly have those arguments and authorities well in mind now. If the Pending Motion's supposedly more thorough discussion of the procedural improprieties and jurisdictional defects presented by Plaintiff's tardy notice of removal would have moved the Plaintiff to withdraw his request for removal without the necessity of a motion during the meet and confer process, Plaintiff could have withdrawn his Notice

---

served on Wednesday, June 29th and was captioned for hearing on Monday, August 1st. Plaintiff's opposition was not due until July 11th, *i.e.*, 12 days later.

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

of Removal and filed a notice of non-opposition to the Pending Motion. Indeed, Plaintiff could do so right now.[5]

Instead, Plaintiff has chosen to stand on his opposition. The proof of the pudding is in the eating. No amount of meeting and conferring would have obviated the need for the Pending Motion.

### c.   *Plaintiff has Not Identified any Flagrant or Repeated Violation of L.R. 7-3 on the Part of the Defendants*

As noted above, the factual record is clear that Defendants met and conferred with the Plaintiff extensively. Indeed, even the Opposition and the Atabek Decl. make it clear that Plaintiff does not assert that Defendants failed to meet and confer altogether—only that Plaintiff's failed to meet and confer enough a point that he raises for the first time in his opposition papers. (*See*, Vakili Decl., at ¶¶ 9-11; Exh. "F".) Such purported "failure"—assuming only *arguendo* that it could fairly be so characterized— is manifestly not flagrant. As for the Defendants' purported failures to comply with L.R. 7-3 being repeated, Plaintiff has not even cursorily attempted to make such a showing.

### d.   *The Pending Motion Promotes Judicial Efficiency*

Lacking a basis for jurisdiction, this Court will eventually be required to remand this case. Delaying such an outcome would not only undermine promote judicial efficiency, it will do violence to it.

While Plaintiff asserts that the case will raise federal questions in the future due to positions he or the Defendants may ultimately take, Plaintiff's speculative thinking in this regard is neither the test to determine whether to removal was proper in the first

---

[5] While the Plaintiff may argue that the threat of sanctions forced him to continue to oppose the motion, irrespective of its substantive rectitude, Defendants offer by this footnote to withdraw their request for sanctions if the Plaintiff otherwise stipulates to the granting of the Pending Motion within two days of this reply brief being electronically served upon him.

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

instance, nor demonstrative that judicial efficiency would be served by this Court's retention of this case at the present juncture.

Indeed, irrespective of whether federal questions may ultimately arise in the future in this case, judicial efficiency would not be impeded by this case's remaining in state court where Plaintiff initially chose to file it in the first place. Not all assertions of copyright or involvements of material subject to copyright require or invoke federal jurisdiction. State courts are courts of general jurisdiction. "If, after resolving the essential contract issue, the state court finds it necessary to examine federal copyright law to resolve the dispute, it would certainly be within the court's purview to do so." *RBM Techs., Inc. v. Lash*, 2004 U.S. Dist. LEXIS 15963 (assertion of copyright ownership insufficient for federal jurisdiction – case remanded).

### C.   Plaintiff's Substantive Arguments Are Equally Without Merit

In addition to his plainly meritless procedural arguments, Plaintiff asserts two interrelated non-procedural arguments in Opposition the Pending Motion. According to the Plaintiff, federal subject matter jurisdiction exists here (1) because Defendants' Cross-Complaint implicates questions of federal law and (2) because Plaintiff's affirmative defenses to the Defendant's Cross-Complaint will ultimately give rise to federal jurisdiction under the AIA. Plaintiff, again, is mistaken on all counts.

#### 1.   Defendants Have Not Asserted Any Federal Claims in Their Cross-Complaint

Taking an out of context quotation from various authorities, Plaintiff argues that the Defendants' request in their Cross-Complaint for an injunction transforms Defendants' state court claims against Plaintiff into *de facto* copyright claims because injunction is a "remedy expressly granted by the Copyright Act," and because it will be necessary for the state court to determine who owns the copyright in this matter in order to give such remedy. (Opp., pp. 11-12.) Plaintiff's argument in this regard is meritless.

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

As Plaintiff's own cited authorities show (and as Plaintiff has conceded in the past, when it suited him),[6] determination of ownership of a copyright pertaining to a contract does not arise under either the Copyright Act or the AIA. *Effects Associates, Inc. v. Cohen*, 817 F.2d 72, 74 (9th Cir. 1987); *see also, Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 834-35 (9th Cir. 1996) ("[R]oyalty rights reserved in a contract transferring a copyright are a concern of state contract law only and are not a concern of federal law at all."); *Hayes v. Carlin Am. Inc.*, 168 F. Supp. 2d 154, 161-62 (S.D.N.Y. 2001) ("the right to receive royalties is not a copyright interest"); *SFahmy v. Jay-Z*, 2015 U.S. Dist. LEXIS 143888, 116 U.S.P.Q.2D (BNA) 1830, Copy. L. Rep. (CCH) P30,835, 2015 WL 6394455 (C.D. Cal. Oct. 21, 2015) ("Under the copyright laws of the United States, the right to receive royalties does not arise under copyright law."); *Cortner v. Israel*, 732 F.2d 267, 272 (2d Cir.1984) (breach of an implied obligation regarding royalties may create liability "at common law," but not under federal copyright law); *Gordon v. Vincent Youmans, Inc.*, 358 F.2d 261, 262-63 (2d Cir.1965) (state law applied to construction of agreement assigning rights to a song).

While Plaintiff does not dispute that each of Defendants / Cross-Complainants' causes of action are framed as state law claims, Plaintiff nonetheless argues that Defendants' prayer for injunctive relief somehow transforms Defendants' cross-claims into causes of action asserted under the Copyright Act. Plaintiff's argument is unfounded. Defendants' and Cross-Complainants' invocation of a state court remedy in order to address its state court claims do not give rise to federal jurisdiction. It is axiomatic that injunctive relief is available as a remedy for a wide variety of state as well as federal claims and that injunctive relief is hardly exclusive to the Copyright Act.

Here, the Defendants ask for a California state court injunction as a remedy with respect to their California state court claim for fraud, and for injunctive relief in

---

[6] *See*, Motion, Exh. "B", at p. 8, fn. 1 / Doc. No. "13-2" / ID #676.

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

connection with their Second Cause of Action for "Unfair Business Practices." Injunction is a standard remedy for fraud causes of action under California law and essentially the only state remedy available under the California Unfair Business Practices Act. There is nothing about such a prayer that invokes the Copyright Act or federal jurisdiction.

Apparently, if Plaintiff is to be believed, then any assertion of injunctive relief in a pleading must trigger exclusive federal jurisdiction.[7] Obviously, this cannot be and is not so, and Plaintiff has not cited to a single case which provides otherwise.[8]

### 2. The AIA is Not Implicated, Nor is Federal Jurisdiction Invoked, by Plaintiff's Purported Defenses to the Cross-Complaint

Clutching at straws, Plaintiff argues that his affirmative defenses to the Cross-Complaint will give ultimately rise to federal jurisdiction pursuant to the AIA. Plaintiff is again mistaken. In apparent desperation, Plaintiff attempts to support this argument by mischaracterizing two cases in which litigants ***unsuccessfully*** made such arguments and in which the courts ***refused*** to accept same, as supportive of his meritless position.

Specifically, Plaintiff cites to *Concept Chaser Co., Inc. v. Pentel of Am. Ltd.*, CV 11-8262, 2011 WL 4964963, at *2-3 (C.D. Cal. Oct. 18, 2011) and *Busch v. Jakov Dulcich & Sons, LLC*, 2015 U.S. Dist. LEXIS 79325 (N.D. Cal. June 17, 2015) as standing for the proposition the defense of copyright preemption can give "rise to valid grounds for removal." (Opp., 14:8-15.) Neither the *Concept Chaser* nor the *Busch* Court made any such finding.

---

[7] And why stop at injunctive relief? Damages are also a remedy under the Copyright Act. Does that mean that any state court cause of action that seeks an award of damages is "really" a copyright claim subject to federal jurisdiction? To ask the question is to answer it.

[8] Plaintiff's citation to *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993) is unavailing. Indeed, Plaintiff concedes that the claims there included an actual claim for copyright infringement that is not present here.

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

In fact, both Courts expressly *declined* to make any such ruling though asked to do so by parties in those actions. In footnote no. 1 of *Concept Chaser*, the court specifically acknowledged that the defendant in that case had argued that its affirmative defense of copyright preemption provided a basis for removal, but the court stated that it "decline[d] to address this argument" due to defendant's delays in making it. *Busch*, *supra*, at *8. Similarly, in the *Busch* case, the Court also explicitly declined to reach an untimely argument that a copyright defense could give rise to removal stating that "[a]s the Court concludes that Defendants' removal was untimely, the Court need not reach Plaintiff's arguments with respect to subject matter jurisdiction." *Concept Chaser, supra*, *8.

For the Plaintiff to cite to two cases in which the Court expressly declined to embrace Plaintiff's position as "mak[ing] clear" that his attempted removal of this action was and is appropriate slips the bounds of zealous advocacy and travels into a territory warranting the imposition of sanctions.

## III.   CONCLUSION

For the foregoing reasons, and each of them, the Pending Motion should be granted in its entirety.


DATED: July 18, 2016                      **VAKILI & LEUS, LLP**


                                          By:  ___/s/_____
                                          Sa'id Vakili, Esq.
                                          Craig McLaughlin, Esq.
                                          John A. Schlaff, Esq.
                                          Jason C. Ming, Esq.
                                          *Counsel for Defendants Eric Swallow and*
                                          *Profitable Casino, LLC*

### DECLARATION OF SA'ID VAKILI

I, SA'ID VAKILI, state and declare as follows:

1.      I am an attorney licensed to practice before the Courts of the State of California and am a partner in VAKILI & LEUS, LLP, counsel for defendants and cross-complainants Eric Swallow and Profitable Casino, LLC ("Defendants") in this action. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently testify as to their truth, except as to the matters stated on information and belief and, as to such matters, I believe them to be true. I submit this declaration in support of Defendants' Reply to the Opposition to Motion to Remand ("Reply Brief").

### MEET AND CONFER EFFORTS

2.      On April 14, 2016, Plaintiff's state court Application for a Right to Attach Order ("RTAO") was denied. [*See*, Exh. "C" / Doc. 13-3 / ID. #681-692.] Our meet and confer efforts actually began much earlier when Plaintiff's counsel, Mr. Jon Atabek ("Mr. Atabek"), expressed his disappointment with the state court's ruling on his RTAO and announced his intention to dismiss and refile in federal court.

3.      On April 15th, at approximately 11:22 a.m., Mr. Atabek and I spoke telephonically close to 10 minutes and he advised that he was contemplating dismissing the state court action and refiling in federal court and on April 19th, we spoke again and he confirmed this strategy in an email. [*See*, Exh. "E" / Doc. No. 13-5 / ID #705.] I advised him at that time that I thought that such a maneuver would be tantamount to improper forum shopping and may subject him to Rule 11 sanctions.

4.      On May 11th, Defendants filed in state court an answer to the complaint and a cross-complaint. [*See*, Exh. "D" / Doc. No. 13-4 / ID £693-701]

5.     On June 2nd, at approximately 7:22 p.m., Mr. Atabek and I spoke telephonically for about 17 minutes. In that conversation, he advised that our filing of a cross-complaint had complicated his plans to dismiss and refile in federal court.

6.     On June 3rd, Plaintiff filed his Notice of Removal.

7.     On June 8th, I sent Mr. Atabek correspondence advising him that Plaintiff's Notice of Removal was improper. Later that same day, we met and conferred telephonically and, in response to the comment that my correspondence did not address 28 U.S.C. 1454 ("Section 1454"), I advised him that Section 1454 was inapplicable because the pleadings at the time of removal had not raised any copyright claims. He asked me for case citations and I advised him that I did not have those handy as I was out of the office at the time speaking from my cell phone. Later that evening, Mr. Atabek send me an email purporting to summarize our conversation but leaving out from that summary our discussion that removal was improper because the pleadings at the time of removal did not contain any copyright claims.

8.     On June 9th, presumably in response to our meet and confer exchanges, Mr. Atabek filed an Amended Notice of Removal to fix post-removal some of the problems I had alerted him to in his original Notice of Removal.

9.     On June 14th, I corrected Mr. Atabek's incomplete summary of our June 8th meet and confer. Mr. Atabek responded, asking me for authorities that pleadings at the time of removal need to have copyright claims. Approximately an hour later, I provided him with the citations to several cases. He then responded asking for additional authorities from after 28 U.S.C. 1454 was enacted. Later that same morning, I responded with additional cases that were decided after 28 U.S.C. 1454 was enacted. In the same email, I also advised him his removal was also untimely and provided him with our position as to why it was untimely.

10.     Attached hereto as **Exhibit "F"** is a true and correct copy of our multiple June 8th and 14th meet and confer exchanges.

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

11.     It was my understanding that through our multiple telephonic and written meet and confer exchanges we had satisfied and concluded our meet and confer obligations under L.R. 7-3. Indeed, from June 14th forward, other than discussions as to whether we would agree to coordinate our Motion to Remand to be heard on the same date as Plaintiff's contemplated Motion to Amend, there were no further requests from Mr. Atabek for a meet and confer on the merits of Defendants' Motion to Remand nor was there a request for any further authorities or any indication that the meet and confer efforts had been inadequate or incomplete.

12.     A meeting in person was not practicable as Mr. Atabek offices in Orange County, I was away on a family vacation from June 15-21, and neither one of us requested an in-person conference due to our respective litigation schedules at the time.

**ATTORNEY'S FEES**

13.     My hourly billing rate for this matter is $450. I spent 3.8 hours for preparation of this Reply Brief and supporting declaration ($450/hr. x 3.8 hrs. = $1,710). Craig McLaughlin, an attorney at my firm, spent 8.4 hours preparing the initial draft of the Reply Brief at $450/hr. for a total of $3,780. John A. Schlaff, an attorney at my firm, spent 5.8 hours for preparation of this Reply Brief at $450/hr. for a total of $2,610. A third attorney with my office, Jason C. Ming, spent 3.6 hours in the preparation of this Reply Brief at an hourly rate of $350 for this matter for a total of $1,260. The total hours spent on this Reply Brief amount to 21.6 for at total of $9,360. The total hours spent to date amount to 72.90 (51.30 + 21.60 = 72.90) and the total amount of attorney's fees spent to date amount to $30,915 ($21,555 + $9,360 = $30,915). I anticipate that we will collectively spend another 6.00 preparing for, traveling to and attending the hearing on this motion ($450/hr. x 6.00 hrs. = $2,700). Thus, the total amount of attorney's fees ($30,915 + $2,700) is $33,615.

////

////

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

1    I declare under penalty of perjury that the foregoing is true and correct and that

2    this Declaration was executed this 18th day of July 2016, at Los Angeles, California.

3

4                                                    /s/

5                                                    SA'ID VAKILI, DECLARANT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jon A. Atabek, Esq. (*jatabek@atabeklaw.com*)
**ATABEK & ASSOCIATES, P.C.**
300 Spectrum Center Dr., Suite 400
Irvine, CA 92618-4989
**213/394-5943 |** Fax: 213/402-3413
*Counsel for Plaintiff Bryan J. Roberts*

Christopher W. Arledge, Esq. (*carledge@onellp.com*)
John Tehranian, Esq. (*jtehranian@onellp.com*)
Nicholas Janda, Esq. (*njanda@onellp.com*)
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660-2517
**949/502-2870 |** Fax: 949/258-5081
*Counsel for Plaintiff Bryan J. Roberts*

Michael J. Kump, Esq. (*MKump@kwikalaw.com*)
Gregory S. Gabriel, Esq. (*GGabriel@kwikalaw.com*)
**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 Wilshire Blvd., Third Floor
Santa Monica, CA 90401-1894
**310/566-9800 |** Fax: 310/566-9865
*Counsel for Defendant Secure Stone, LLC*

/s/
Jason C. Ming (SBN: 219745)
**VAKILI & LEUS, LLP**
*Counsel for defendants Eric Swallow and Profitable Casino, LLC*

18
DEFENDANTS' REPLY BRIEF ON MOTION TO REMAND