JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| CASE NO.: CV 16-03895 SJO (AFMx) | DATE: July 25, 2016 |
| TITLE: Roberts v. Swallow et al. | |

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                    Not Present
Courtroom Clerk                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                              Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO REMAND TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES OF $30,555 UNDER 28 U.S.C. § 1447** [ECF No. 13]

This matter is before the Court on Defendants Eric Swallow ("Swallow") and Profitable Casino, LLC's ("Profitable Casino") (together, "Defendants") Motion to Remand to State Court and Request for Attorney's Fees of $30,555 Under 28 U.S.C. § 1447 ("Motion"), filed June 29, 2016. Plaintiff Bryan J. Roberts ("Roberts" or "Plaintiff") opposed the Motion ("Opposition") on July 11, 2016, and Defendants replied ("Reply") on July 18, 2016. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 1, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion, **REMANDING** the action to the Superior Court of California for the County of Los Angeles but **DENYING** Defendants' request for attorneys' fees.

I.  FACTUAL AND PROCEDURAL BACKGROUND

    A.  Factual Allegations

On December 4, 2015, Roberts filed a Complaint for Damages ("Complaint") in Case No. BC60331 in the Superior Court of California for the County of Los Angeles ("State Court"), in which he alleges the following. (*See* Notice of Removal, Ex. 2 ("Compl."), ECF No. 1-2.) In or around June 2000, Roberts wrote and developed the code for the Orisis Content Management Systems ("OCMS") software, which is a web-based software system that allows businesses to create customized, internet-based operational and database solutions using modular templates. (Compl. ¶ 10.) In June 2007, Roberts and Swallow began discussing a business venture pursuant to which Plaintiff was to create an OCMS platform for casinos (the "Software"). These discussions culminated with the parties entering into a written agreement ("Contract") dated June 25, 2007, in which they agreed that Swallow and Roberts "would co-own the Software, and that [Roberts] retained reversionary rights." (Compl. ¶ 15.) On August 31, 2007, Swallow represented to Roberts that he was incorporating Profitable Casino for the purpose of marketing the Software to third parties. (Compl. ¶ 16.)

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.:** CV 16-03895 SJO (AFMx)　　　　**DATE:** July 25, 2016

Beginning in July 2007, Roberts developed and installed the Software at Casino M8trix, 101 Casino, and Hollywood Park Casino (the "Casinos"). (*See* Compl. ¶¶ 18, 25, 34.) He also completed and installed banking software for Casino M8trix's banking services provider, Team View Player Services ("Team View"). (Compl. ¶¶ 29-31.) Unbeknownst to Roberts, the Casinos and Team View had entered into licensing agreements with Profitable Casino. (*See* Ex. 2 to Removal ¶ 40-46.) On May 2, 2014, the Office of the Attorney General for the State of California filed an accusation against Swallow with the Bureau of Gambling Control of the Department of Justice for the State of California, seeking to revoke his gaming license. (*See* Compl. ¶ 39.) During the administrative trial against Swallow, Roberts first became aware of the licensing deals. (*See* Compl. ¶¶ 40-46.)

　　　　B.　　Procedural Background

In his Complaint, Plaintiff asserts the following four causes of action: (1) breach of written contract; (2) breach of fiduciary duty;(3) fraudulent inducement, and (4) unjust enrichment. (*See* Compl.) Notably absent from this list is a claim that Defendants infringed one or more of Plaintiff's copyrights. According to Defendants, this omission was done purposefully to avoid an attempt by Defendants to remove the action to federal court. To support this claim, Defendants point to Plaintiff's request for a Right to Attach Order ("RTAO"), filed in State Court on February 25, 2016, in which he writes:

> Defendant [Swallow] may argue copyright law requires this matter removed. However, case authority makes clear the tenancy in common obligations of co-owners of copyrightable materials are rooted in state property law, not federal copyright law. . . .

(Decl. Sa'id Vakili in Supp. Mot. ("Vakili Decl."), Ex. B, ECF No. 13-2.)

On May 11, 2016, Defendants filed a cross-complaint ("Cross-Complaint") against Plaintiff, alleging the following three state law causes of action: (1) breach of contract; (2) fraud; and (3) unfair business practices. (Vakili Decl., Ex. D.) On June 2, 2016, Plaintiff removed the State Court Action to this Court, basing his removal on diversity jurisdiction and federal question under 28 U.S.C. §§ 1331 and 1338(a). (*See generally* Notice of Removal.) Subsequently, on June 9, 2016, Plaintiff filed an Amended Notice of Removal ("Amended Removal"), in which he eliminated diversity jurisdiction as a basis for removal and argued instead that the Court has "original, exclusive jurisdiction over claims arising from copyrights pursuant to 17 U.S.C. §§ 1, et seq, and 28 U.S.C. §§ 1331, 1338(a), 1446, 1454(a)." (*See generally* Amended Removal 2, ECF No. 10.)

///
　　　　C.　　Judicial Notice

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 16-03895 SJO (AFMx)      DATE: July 25, 2016

Defendants ask the Court to take judicial notice of the following eight documents: (A) Plaintiff's Complaint in the matter of *Bryan J. Roberts v. Eric Swallow, et al.*, filed on December 4, 2015; (B) Plaintiff's Application for a Right to Attach Order and Supporting Memorandum of Points and Authorities; (C) Defendants Eric Swallow and Profitable Casino, LLC's Notice of Ruling on Plaintiff's Application for a Right to Attach Order; (D) Defendants Eric Swallow and Profitable Casino, LLC's Cross-Complaint; (E) Plaintiff and Cross-Defendant Bryan J. Roberts's Notice of Removal to Federal Court; (F) Answer of Counter-Defendant Bryan Roberts to Counter-Complaint of Counter-Plaintiffs Eric Swallow and Profitable Casino; (G) Plaintiff and Cross-Defendant Bryan J. Roberts's Amended Notice of Removal to Federal Court; and (H) Meet and Confer Letter from counsel for Defendants Eric Swallow and Profitable Casino, LLC to Plaintiff's counsel. (*See generally* Defs.' Req. for Judicial Notice in Supp. Mot. to Remand ("RJN"), ECF No.14.)

Federal Rule of Evidence 201(b) authorizes courts to take judicial notice of "a fact that is not subject to reasonable dispute" either because it "is generally known within the trial court's territorial jurisdiction" or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court finds that these publicly available litigation documents are properly noticeable pursuant to Federal Rule of Evidence 201(b)(2), as the existence and contents of these documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court **GRANTS** Defendants' request that the Court take judicial notice of the aforementioned eight litigation documents.

II.     DISCUSSION

Defendants contend that remand is appropriate because (1) Plaintiff's removal was improper under 28 U.S.C. § 1441(a); (2) Plaintiff has failed to invoke any exception to the removal doctrine articulated in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); (3) the Complaint and Cross-Complaint do not invoke a right of action under copyright law within the meaning of 28 U.S.C. §1454; and (4) Plaintiff's removal was untimely.

In particular, Defendants argue that the Cross-Complaint merely alleges that Plaintiff, despite agreeing to receive a fee for developing the Software, planned to garner large fees from Defendants and then claim ownership to half of the profits from the sale of the Software. (Mot. 12.) Thus, according to Defendants, the claims in the Cross-Complaint concern the same dispute over licensing revenues that form the basis of Plaintiff's Complaint. So it goes, because the Complaint is devoid of any federal causes of action, the Cross-Complaint also lacks a federal cause of action. (Mot. 12.) In sum, Defendants contend that the three causes of action in their Cross-Complaint involve only state tort and contract claims. (Mot. 12.)

   A.     Legal Standards

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** <u>CV 16-03895 SJO (AFMx)</u>          **DATE:** <u>July 25, 2016</u>

       1.      <u>Remand Based on Lack of Federal Question Jurisdiction</u>

As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c) ("Section 1447). The removing party bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Any doubt as to removability is resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In 2011, Congress amended the relevant jurisdictional and removal statutes, including 28 U.S.C. § 1454 ("Section 1454"), to create an exception to the well-pleaded complaint rule with regard to civil actions in which any party has asserted a claim concerning copyrights. Section 1454 states that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). The statute does not provide for removal based on anticipated defenses. *See Masimo Corp. v. Mindray DS USA, Inc.*, Civ. No. 14-405(SDW)(MCA), 2014 WL 7495105, at *3 (D.N.J. Sep. 5 2014) (discussing federal removal jurisdiction based on patent law counterclaims after the AIA).

       2.      <u>Award of Attorneys' Fees in Cases in Which Action Is Remanded</u>

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may only award payment of fees and costs under section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether to award payment of fees and cost, the Court must consider the statutory purpose, which is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. *Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.*, 183 F.3d 105, 109 (2nd Cir. 1999).

///
///
///
///
///

       B.      <u>Analysis</u>

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.:** CV 16-03895 SJO (AFMx)            **DATE:** July 25, 2016

The Court concludes that it lacks federal question jurisdiction over this action, and accordingly concludes that removal was improper. The Court denies, however, Defendants' request for attorneys' fees it does not find that Plaintiff's basis for removal was objectively unreasonable.

    1.    <u>Removal Was Improper, as the Court Lacks Federal Question Jurisdiction</u>

        a.    <u>A Co-Owner of A Copyright Cannot Be Liable to Another Co-Owner for Infringement of the Copyright</u>

Plaintiff's unwavering position throughout this action, both in state court and in this Court, is that he co-owns the Software with Swallow. He submits that removal is proper pursuant to Section 1454 because Defendants' Cross-Complaint contains claims that "arise under copyright law to the extent they challenge ownership of the copyright at issue in this action." (Amended Removal 4.) In effect, he argues that because Defendants' Cross-Complaint repudiates any co-ownership of the Software among the parties, if their argument is correct, then they are infringing his copyright in the Software. (*See* Amended Removal 3.) At its core, Plaintiff's argument equates Defendants' efforts to negate Plaintiff's ownership claim of ownership interest in the Software with their infringement of his copyright in the Software.

Plaintiff also argues that the Cross-Complaint arises under copyright law because Defendants seeks an injunction; a remedy, he claims, "exclusive to the copy-right act." (Opp'n 11, ECF No. 17.) Neither argument persuades.

As a preliminary matter, the Cross-Complaint requests an injunction under their first two causes of action for fraud and for unfair business practices. A request for injunctive relief associated with these two state law causes of action is not equivalent to invoking 17 U.S.C. § 502(a), and Plaintiff cites no authority indicating otherwise..

Moreover, in the Ninth Circuit, it is well-established that "[a] co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright." *Oddo v. Ries,* 743 F.2d 630, 632-33 (9th Cir. 1984) (citing *Richmond v. Weiner*, 353 F.2d 41, 46 (9th Cir. 1965)); *see also Picture Music Inc. v. Bourne*, *Inc.*, 314 F. Supp. 640, 646 (S.D.N.Y. 1970), *aff'd*, 457 F.2d 1213 (2d Cir.), *cert. denied*, 409 U.S. 997 (1972); *Zuill v. Shanahan,* 80 F.3d 1366, 1369 (9th Cir. 1996); *Dead Kennedys v. Biafra,* 37 F. Supp. 2d 1151, 1153 (N.D. Cal. 1999). This is because "each co-owner has an independent right to use or license the use of the copyright." *Oddo,* 743 F.2d at 633 (citations omitted). Further, while "[a] co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright," *id.*, "his duty to account to other co-owners for profits arises from equitable doctrines relating unjust enrichment and general principles of co-ownership, and does not amount to an infringement claim." *Zuill,* 80 F.3d at 1369 (citation omitted). Thus, "[a]n action for an accounting or **determination of ownership as between alleged co-owners** is founded in state law and does not arise under the copyright laws." *Dead Kennedys,* 37 F. Supp. 2d at 1153 (citing *Oddo,* 743 F.2d at 633) (emphasis supplied). It

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.:** <u>CV 16-03895 SJO (AFMx)</u>         **DATE:** <u>July 25, 2016</u>

follows that, to the extent the parties' dispute concerns the ownership of the copyright in the Software, such a dispute does not "arise under the copyright laws."

Accordingly, the Court concludes that Plaintiff's argument that Defendants' Cross-Complaint and request for an injunction under two of their state law cross-claims raises a federal question is without merit.

        b.    <u>Plaintiff's Affirmative Defense of Copyright Preemption Does Not Make His Removal Proper</u>

Plaintiff also references, though does not formally argue in his Opposition, that his affirmative defense of copyright preemption bolsters his claim that this Court has exclusive jurisdiction over the instant action. (Amended Removal 3.) He first raised this defense in his answer to Defendants' Cross-Complaint. (*See* RJN ¶ 6.) The Court remains unpersuaded. Under Ninth Circuit precedent, the operative pleading as of the time the removal petition was filed—rather than any post-removal claims—must establish that the Court has subject-matter jurisdiction over the action. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (citing *Great N. Ry. v. Alexander*, 246 U.S. 276, 279 (1918)) ("Although the sixth cause of action, filed in federal court after removal, did state a federal question which would have justified removal had it been alleged in the state court prior to removal, this does not confer removal jurisdiction on the federal court. In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed.").

On this point, *Kamdem Ouaffo v. Naturasource International, LLC*, No. CV 15-6290, 2015 WL 5722837 (D.N.J. Sept. 29, 2015), is instructive. The plaintiff in *Kamdem* had litigated his case in state court for two years, but then removed the case to federal court. *Id.* at *2-*3. Plaintiff had asserted breach of contract claims and tort claims in state court, based on alleged conduct of the defendant in misappropriating the plaintiff's trade secrets and filing patent applications claiming that subject matter. *Id.* Since Plaintiff's Complaint in state court had not asserted any patent claims, but rather restricted its claims to contract and torts claims that do not arise under patent or any other federal law, the district court did not permit him to argue that the court had federal question jurisdiction based on the patent laws. *Id.* The court accordingly granted defendant's motion to remand since "referencing a potential patent law claim for the first time in a Notice of Removal 'is insufficient to establish jurisdiction pursuant to Section 1454.'" *Id.*

Here, too, the Court rejects Plaintiff's effort to, for the first time, argue that this action arises under copyright law. Plaintiff's post-removal attempt to invoke an affirmative defense based on copyright principles fails to vest this Court with subject-matter jurisdiction under Section 1454.

        c.    <u>Plaintiff's Stated Plans to Amend the Complaint to Seek Claims for Copyright Infringement Does Not Cure His Improper Removal</u>

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** <u>CV 16-03895 SJO (AFMx)</u>          **DATE:** <u>July 25, 2016</u>

Plaintiff further contends that he "intends to amend the Complaint to seek claims against Defendants for copyright infringement and related claims arising from their use and sale of the Casino Software." (Amended Removal 3.) As discussed above, however, actual post-removal amendments do not vest this Court with subject matter jurisdiction, and an intention to so amend similarly falls short.

### d.    Conclusion Regarding Remand

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over the instant action. The Court therefore **GRANTS IN PART** Defendants' Motion and **REMANDS** the action to the Superior Court for the State of California, County of Los Angeles.

### 2.    Defendants Are Not Entitled to Attorneys' Fees Under Section 1447(c)

Defendants next contend that an award of attorneys' fees pursuant to Section 1447 is appropriate because Plaintiff's "removal on diversity ground was wholly improper." (Mot. 18.) Defendants argue as follow. Plaintiff filed a complaint against Defendants in State Court, alleging only causes of action arising under state law. He also applied in the State Court for an RTAO against Swallow expressly stating that the case bore no relation to federal copyright law, which was denied because Plaintiff failed to establish a likelihood to prevail on the merits. The day after the unfavorable ruling, Plaintiff's counsel advised Defendants that he was planning to dismiss the State Court action and re-file in federal court. Facing stern opposition from Defendants, Plaintiff decided not to follow through with the dismissal. Based on this history, Defendants argue that Plaintiff's effort to remove the case is merely his latest attempt to engage in improper forum shopping.

Courts should consider propriety of the removal in deciding whether an award is "just" under Section 1447(c). The critical factor is the propriety of the removal—"absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin*, 546 US at 136.

Here, although the Court is somewhat troubled by Plaintiff's statement in the RTAO that any effort by Defendants to remove the action based on copyright law would be improper, (*see* RTAO 8 n.1), the Court cannot say that Plaintiff lacked an objectively reasonable basis for removing this action in light of Defendants' counterclaims and his purported affirmative defense thereto based on copyright principles. Accordingly, the Court **DENIES** Defendants' request for attorneys' fees and costs.

///
III.    <u>RULING</u>

| | UNITED STATES DISTRICT COURT | |
|---|---|---|
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Priority \_\_\_\_\_<br>Send \_\_\_\_\_<br>Enter \_\_\_\_\_<br>Closed \_\_\_\_\_ |
| | CIVIL MINUTES - GENERAL | JS-5/JS-6 \_\_\_\_\_<br>Scan Only \_\_\_\_\_ |

**CASE NO.:** <u>CV 16-03895 SJO (AFMx)</u>   **DATE:** <u>July 25, 2016</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants Eric Swallow and Profitable Casino, LLC's Motion to Remand to State Court and Request for Attorney's Fees of $30,555 Under 28 U.S.C. § 1447. The Court **REMANDS** the instant action to the Superior Court of California for the County of Los Angeles, but **DENIES** Defendants' request for attorneys' fees and costs. Further efforts by Plaintiff to have the action removed to federal court may result in sanctions.

IT IS SO ORDERED.